IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

In re: Condor Insurance Limited
(In Official Liquidation)          DEBTOR IN A FOREIGN PROCEEDING

| | |
|---|---|
| **RICHARD FOGERTY and WILLIAM TACON in their capacity as the Joint Official Liquidators of Condor Insurance, Limited** § § § § | **APPELLANTS** |
| § | |
| v. § | **CAUSE NO. 1:08CV639-LG-RHW** |
| § | |
| **CONDOR GUARANTY, INC.; PETROQUEST RESOURCES, INC.; HARVEY MILAM; BYRON TYGHE WILLIAMS; ROSS N. FULLER; T. ALLEN OWEN; INTERCONTINENTAL DEVELOPMENT AND INVESTMENT CORPORATION; GYMNOGYPS MANAGEMENT, INC.; and FINPAC HOLDINGS, INC.** § § § § § § § § § § | **APPELLEES** |

## MEMORANDUM OPINION AND ORDER
## AFFIRMING THE OPINION OF THE BANKRUPTCY COURT

**THE MATTER BEFORE THE COURT** is the appeal from the order and opinion of United States Bankruptcy Judge Edward R. Gaines, entered on July 17, 2008, in which he dismissed the adversary proceeding filed by Richard Fogerty and William Tacon in their capacity as the Joint Official Liquidators of Condor Insurance, Limited. The Bankruptcy Court held that it lacked subject matter jurisdiction over the adversary proceeding. Fogerty and Tacon (hereinafter "the Foreign Representatives") appealed the decision, asserting that the Bankruptcy Court incorrectly interpreted 11 U.S.C. §§ 1521(a)(7) and 1523 to mean that a foreign

representative cannot bring an avoidance action under foreign law without first filing a case under Chapter 7 or Chapter 11 of the bankruptcy code. For the reasons set forth below, the Court finds that the Bankruptcy Court correctly interpreted Sections 1521(a)(7) and 1523.

## FACTS

Condor Insurance, Limited ("CIL") is a Nevis[1] Corporation that formerly operated an insurance and surety bond business. One of CIL's creditors, Infineon Technologies AG, was granted permission to initiate a winding up proceeding[2] under Nevis law, and filed a winding up petition on November 27, 2006. On May 18, 2007, the petition was granted, and the Foreign Representatives were appointed as the Joint Official Liquidators of CIL.

The Foreign Representatives contend that over $313 million in assets that belonged to CIL were fraudulently transferred to and/or by Condor Guaranty, Inc.[3] and the other appellees (hereinafter collectively referred to as "CGI"), and that many of the assets are now located in the United States. The Foreign Representatives allege that many of the officers and employees of CIL were also officers of CGI and other companies to which the assets were allegedly transferred. The parties dispute whether the assets were transferred before or after the winding up petition was filed, but the Foreign Representatives allege that the assets were transferred in an attempt to prevent creditors from recovering debts owed by CIL in the winding up proceeding.

---

[1] Nevis is an island in the Caribbean. Along with Saint Kitts, it forms the Federation of Saint Kitts and Nevis.

[2] A "winding up proceeding" is similar to a Chapter 7 bankruptcy under United States law.

[3] According to the Amended Complaint, Condor Guaranty, Inc., and Harvey Milam, who is the President of both CIL and Condor Guaranty, Inc., have Ocean Springs, Mississippi, addresses. However, Condor Guaranty, Inc., is a Bahamian corporation.

The Foreign Representatives filed a Chapter 15 Bankruptcy proceeding, and the Bankruptcy Court recognized the Nevis winding up proceeding as a foreign main proceeding.[4] The Foreign Representatives then filed this adversary proceeding against CGI in an effort to recover the assets that were allegedly fraudulently transferred to the United States. CGI filed a Motion to Dismiss, seeking dismissal pursuant to FED. R. CIV. P. 12(b)(1), or in the alternative, seeking dismissal of some of the Foreign Representatives' claims pursuant to FED. R. CIV. P. 12(b)(6). As explained previously, the Motion to Dismiss was granted on the basis of lack of subject matter jurisdiction.

## DISCUSSION

Chapter 15 of the Bankruptcy Code was enacted on April 20, 2005. The purpose of Chapter 15 is to promote cooperation between the United States courts and courts in foreign countries during multinational insolvency proceedings and to promote greater legal certainty for trade and investment. 11 U.S.C. § 1501(a). Chapter 15 incorporated much of the Model Law on Cross-Border Insolvency but modified the Model Law in some instances.

The two sections of Chapter 15 that are primarily at issue in the present proceeding are 11 U.S.C. §§ 1521 and 1523. Section 1521 provides bankruptcy courts with the discretion to grant any appropriate relief that is necessary to effectuate the purpose of Chapter 15 and to protect the assets of the debtor or the interests of the creditors. 11 U.S.C. § 1521. This section lists types of relief that a bankruptcy court may grant, including any additional relief that may be available to a trustee, "except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)." *See*

---

[4] A "foreign main proceeding" is " a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. §1502.

11 U,S.C. § 1521(a)(7).

The second section at issue in this lawsuit, Section 1523 provides that, once a foreign main or non-main proceeding is recognized, the foreign representative has standing to initiate actions under sections 522, 544, 545, 547, 548, 550, 553, and 724(a) in a Chapter 7 or Chapter 11 Bankruptcy Proceeding. 11 U.S.C. § 1523(a). The parties do not dispute that the provisions of the Bankruptcy Code listed in Sections 1521(a)(7) and 1523(a) are avoidance actions, which are, generally speaking, actions concerning the recovery of property in a bankruptcy proceeding.[5] The parties also do not dispute that the present lawsuit is an avoidance action, since the Foreign Representatives are seeking to void the alleged fraudulent transfers of CIL's assets. Nevertheless, the parties disagree over whether Sections 1521(a)(7) and 1523(a) only pertain to avoidance actions under the United States Bankruptcy Code or also avoidance actions under foreign law. This is important because the Foreign Representatives contend that they are seeking relief under Nevis law, not under United States law. Unfortunately, neither the parties nor the Court has been able to identify case authority on this specific issue.

The Foreign Representatives assert that the language of Sections 1521 and 1523 is clear, and therefore, this Court should not consider the legislative history of the statutes. Specifically, the Foreign Representatives contend that a review of the plain language of the statutes reveals that foreign representatives are only prohibited from utilizing certain sections of the United States Bankruptcy Code when seeking avoidance and are not prohibited from using foreign law. The Fifth Circuit has held that "when the statute's language is plain, the sole function of the

---

[5] Sections 1521 and 1523 only pertain to pre-petition avoidance actions, not post-petition avoidance actions. *See* 11 U.S.C. § 509.

-4-

courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms." *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 518 (5th Cir. 2004) (quoting *Lamie v. United States Trustee*, 540 U.S. 526 (2004)). "Only after application of the principles of statutory construction, including the canons of construction, and after a conclusion that the statute is ambiguous may the court turn to the legislative history." *Carrieri*, 393 F.3d at 518-19. In order for a statute's language to be ambiguous, it must be "susceptible to more than one reasonable interpretation." *Id.* at 519 (quoting *United States v. Kay*, 359 F.3d 738, 743 (5th Cir. 2004)).

As explained previously, Section 1521 is discretionary in nature and allows a bankruptcy court to grant relief that is necessary to promote cooperation with foreign courts, to provide certainty with regard to investments and trade, and to protect the assets of the creditors and debtor. The statute provides a list of the types of relief that a court can grant in those circumstances, including the powers that are provided to a trustee, with the exception of avoidance powers that are available under certain United States Bankruptcy Code provisions. However, Section 1523 allows a foreign representative to initiate actions under the Bankruptcy Code provisions excluded from Section 1521 in a Chapter 7 or 11 case.[6] Therefore, the plain language of the statutes does not specifically address the use of avoidance powers under foreign law. Nevertheless, the choice of law that is to be applied to a lawsuit is determined by a court having jurisdiction over the case, and the parties are not permitted to choose whatever law they

---

[6] Foreign insurance companies that have not conducted business in the United States are not permitted to file Chapter 7 or 11 cases, and therefore, this option is not available to the Foreign Representatives. *See* 11 U.S.C. §109. However, the Foreign Representatives could seek avoidance in the Nevis courts and then seek recognition of any Nevis judgment in the United States. *See generally In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333 (S.D.N.Y. 2006).

wish when filing a lawsuit.[7] *See generally* Jay Lawrence Westbrook, *Choice of Avoidance Law in Global Insolvencies*, 17 Brook. J. Int'l L. 499 (1991) (discussing the various methods of determining choice of law utilized in multinational bankruptcies prior to the enactment of Chapter 15). Additionally, it should be noted that Section 1521 is written in terms of the types of powers and relief that are available to a foreign representative,[8] and Congress arguably only referenced the Code sections in order to specify the types of powers that foreign representatives do not have. *See Collier's International Business Insolvency Guide*: "[S]ection 1521(a)(7) authorizes any additional relief that may be available to a trustee except for the exercise of avoidance powers. Avoidance powers are only available in a full case under another chapter of [T]itle 11." *Collier's International Business Insolvency Guide* ¶9.11(1).

Thus, it is necessary to examine the legislative history pertaining to Sections 1521 and 1523. The House Report for Section 1521 explains:

> Section 1521. Relief that may be granted upon recognition of a foreign proceeding. This section follows article 21 of the Model Law, with detailed changes to fit United States law. **The exceptions in subsection (a)(7) relate to avoiding powers. The foreign representative's status as to such powers is governed by section 1523 below** . . . .

H.R. Rep. 109-31(I), 109th Cong., 1st Sess. (2005) (emphasis added). Meanwhile, with regard to

---

[7] The proper choice of law is not before the Court and has not been briefed by the parties.

[8] Section 1521(a)(7) provides:

> Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including . . . granting any additional relief that may be available to a trustee, except for relief available under section 522, 544, 545, 547, 548, 550, and 724(a).

Section 1523, the House Report provides:

> Section 1523. Actions to avoid acts detrimental to creditors. This section follows article 23 of the Model Law, with wording to fit it within procedure under this title . . . . The Model Law is not clear about whether it would grant standing in a recognized foreign proceeding if no full case were pending. **This limitation [in Section 1523] reflects concerns raised by the United States delegation during the UNCITRAL debates that a simple grant of standing to bring avoidance actions neglects to address very difficult choice of law and forum issues. This limited grant of standing in Section 1523 does not create or establish any legal right of avoidance nor does it create or imply any legal rules with respect to the choice of applicable law as to the avoidance of any transfer or obligation. The courts will determine the nature and extent of any such action and what national law may be applicable to such action.**

*Id.* (emphasis added).

In the opinion of the Court, Section 1521(a)(7) and Section 1523 are intended to exclude all of the avoidance powers specified, under either United States or foreign law, unless a Chapter 7 or 11 bankruptcy proceeding is instituted. The legislative history supports this statutory interpretation. Congress defers to courts regarding proper choice of law and forum and requires foreign representatives to file a full bankruptcy case, so that these determinations can be made. *See* Paul L. Lee, *Ancillary Proceedings Under Section 304 and Proposed Chapter 15 of the Bankruptcy Code*, 76 Am. Bankr. L.J. 115, 191 (2002). The interpretation of Section 1521 offered by the Foreign Representatives would conflict with Congress' expressed desire that courts make the choice of law determination in a full bankruptcy proceeding.

The Foreign Representatives have not filed a Chapter 7 or 11 Bankruptcy case. Instead, they have file a Chapter 15 proceeding and an adversary proceeding. Therefore, the Bankruptcy Court correctly held that it did not have the power to adjudicate the adversary proceeding filed by the Foreign Representatives and properly dismissed the proceeding.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the order and opinion of United States Bankruptcy Judge Edward R. Gaines, entered on July 17, 2008, is **AFFIRMED**, and this appeal is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 9th day of February, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE